IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES A. GHOLSON,<br><br>            Defendant. | Criminal Action No. 3:99-CR-178-JRS-1 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Charles A. Gholson's Motion to Void or Vacate Judgment pursuant to Fed. R. Civ. P. 60(b)(6)(Dkt. No. 96). For the reasons stated below, Gholson's Motion is DISMISSED.

**I.**

On August 4, 2000, Gholson was sentenced by this Court to 262 months' imprisonment for Possession with the Intent to Distribute 5 grams or more of Cocaine Base in violation of 21 U.S.C. § 841. Gholson appealed on August 11, 2000, and the Fourth Circuit affirmed the judgment on June 18, 2001. On April 30, 2002, Gholson moved for an extension of time to file a Motion to Vacate under 28 U.S.C. § 2255. The Court denied the motion, and Gholson filed a § 2255 Petition on November 19, 2004, arguing that his sentence was unlawful under *Jones v. United States*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004) because the drug quantity was neither charged in the indictment nor found by the jury beyond a reasonable doubt. *See Jones*, 526 U.S. at 232 (holding that elements of an offense must be charged in the indictment and proven to the jury beyond a reasonable doubt); *Apprendi*, 530 U.S. at 490)(holding that a fact, other than the fact of a prior conviction, that increases

the penalty for a crime beyond the prescribed statutory maximum must be proven to a jury beyond a reasonable doubt); *Blakely*, 542 U.S. at 301 (applying *Apprendi*). Gholson also argued that he was improperly sentenced under the Career Offender Guidelines.

On May 3, 2007, the Court denied Gholson's § 2255 Petition as time-barred, finding that equitable tolling was not appropriate. The Court also noted that to the extent that Gholson sought to rely on *United States v. Booker*, 543 U.S. 220 (2005)(applying *Blakely* and making the federal sentencing guidelines advisory), *Booker* did not apply retroactively to Gholson because his conviction became final before *Booker* was decided; therefore, the Court held that the lateness of Gholson's § 2255 Petition is not excused by § 2255(3)(providing that the one-year statute of limitations may be triggered by the date on which the asserted right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review).

Gholson now seeks relief from his sentence under Rule 60(b)(6), reiterating his prior arguments that he was improperly sentenced under the Career Offender guidelines and that his sentence is unlawful under *Jones* and *Apprendi* because the drug quantity was not charged in the indictment and found by the jury beyond a reasonable doubt. Accordingly, Gholson argues that his sentence must be vacated and that he is entitled to a resentencing under 21 U.S.C. § 841(b)(1)(C), which carries a thirty (30) year maximum.

**II.**

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing." *Id.* (internal quotations and

citations omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without pre-filing authorization from the appropriate court of appeals, district courts generally lack "jurisdiction to consider an application containing abusive or repetitive claims." *U.S. v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Id.* at 206 (internal quotations omitted)(emphasis in original). Therefore, a petitioner may not avoid dismissal for lack of jurisdiction by styling his motion as a Rule 60(b) or as one questioning the jurisdiction and authority of the federal courts. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Winestock*, 340 F.3d at 207 (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, writ of mandamus, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857. "Any motion filed in

the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, is a motion under § 2255, no matter what label the prisoner plasters on the cover." *Id*.

In this case, Gholson previously filed a § 2255 petition, which this Court denied as time-barred, and he now challenges his sentence on the same grounds. However, the Court lacks jurisdiction over Gholson's claim because his petition is successive and has not been authorized by the Fourth Circuit. *See Schlup v. Delo*, 513 U.S. 298, 318-19 n. 34 (1995)(defining a successive petition as one that "raises grounds identical to those raised and rejected on the merits on a prior petition")(internal citations omitted); *Perez v. United States*, No. 3:04-CR-57-01, 2011 U.S. Dist. LEXIS 140960, at *7 (N.D. W. Va. Dec. 7, 2011)("A dismissal based on statute of limitations grounds is the equivalent of a dismissal on the merits")(citing *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989)); *Winestock*, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims").

Even if this Court had jurisdiction over Gholson's claim, the Motion is untimely. Fed. R. Civ. P. 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time," but in this case, Gholson's Rule 60(b) Motion comes more than twelve years after his sentence was imposed, and is therefore untimely. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991)(noting that "[w]e have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay").

Since Gholson's Rule 60(b) Motion is both successive and untimely, the Motion is DISMISSED. The Clerk will be directed to file the action as an unauthorized successive motion under 28 U.S.C. § 2255 and the action will be dismissed for want of jurisdiction.

Let the Clerk send a Copy of this Memorandum Opinion to Gholson and to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

Entered this   16th    day of April 2013.