IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                  Criminal No. **3:99CR178**

**CHARLES A. GHOLSON,**

       Petitioner.

## MEMORANDUM OPINION

Charles A. Gholson, a federal inmate proceeding with counsel, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 107) and a Memorandum in Support (ECF No. 117). Gholson argues that in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his guidelines sentence is unconstitutional. (Mem. Supp. § 2255 Mot. 1–2.) The Government has responded. (ECF No. 121.) Gholson has replied. (ECF No. 124.) For the reasons set forth below, the Court will deny Gholson's § 2255 Motion as barred by 28 U.S.C. § 2255(h)(2) and untimely.

## I. PROCEDURAL HISTORY

A grand jury charged Gholson with conspiracy to distribute crack cocaine and cocaine (Count One), two counts of possession with intent to distribute crack cocaine (Counts Two and Four), possession of crack cocaine, cocaine, and marijuana (Counts Three, Five and Six), possession of a firearm by a convicted felon (Count Seven), possession of a firearm by an illegal drug user (Count Eight), and possession of firearm in furtherance of a drug trafficking crime (Count Nine). (Indictment 1–5, ECF No. 1.) On November 3, 1999, the Government filed a notice pursuant to 21 U.S.C. § 851, that informed Gholson that it would seek an enhanced sentence under 21 U.S.C. § 841 for Count Two due to his prior conviction of a felony drug

offense. (ECF No. 27, at 1.) On November 22, 1999, Gholson pled guilty to Count Two of the Indictment. (Plea Agreement 1, ECF No. 33.) The probation office prepared a Presentence Report ("PSR") for Gholson prior to sentencing. In the PSR, the probation officer found Gholson to be a career offender because the offense of conviction was a felony controlled substance offense and Gholson had previously been convicted of at least two prior felony convictions of either a crime of violence or a controlled substance offense. (PSR ¶ 52.)[1] Based on the career offender enhancement, Gholson's criminal history category increased from Level V to Level VI. (*Id.* Wksht C, at 2; Wksht D, at 1.) Gholson's total offense level of 34 was based on the finding that he was a career offender, with three points deducted for acceptance of responsibility. (*Id.* Wksht D, at 1.) Gholson's sentencing guidelines range was 262 to 327 months of incarceration. (*Id.*) At the time Gholson was sentenced, the United States Sentencing Guidelines ("USSG") were deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

On August 4, 2000, the Court sentenced Gholson to 262 months of incarceration. (J. 2, ECF No. 58.) On June 18, 2001, the United States Court of Appeals for the Fourth Circuit affirmed Gholson's conviction and sentence. *United States v. Gholson*, 13 F. App'x 77, 77 (4th Cir. 2001).

On November 19, 2004, Gholson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 86.) By Memorandum Opinion and Order entered on May 3, 2007, the Court denied Gholson's § 2255 motion. (*See* ECF Nos. 93, 94.) Since that time, Gholson has filed at least one unauthorized second or successive § 2255 motion. (*See* ECF Nos. 98, 99 & 100.)

---

[1] The two predicate felony convictions appear to be conspiracy to distribute cocaine in 1991 and attempted aggravated sexual battery in 1994. (PSR Wkst C, at 1.)

Thereafter, Gholson sought permission from the Fourth Circuit to file a successive § 2255 motion based upon the Supreme Court's decision in *Johnson*. On July 26, 2016, the Fourth Circuit granted Gholson's authorization to file this successive § 2255 motion. (*See* ECF No. 108, at 1.) As discussed below, Gholson's claim is procedurally barred by 28 U.S.C. § 2255(h)(2) as successive and by 28 U.S.C. § 2255(f)(3) as untimely.

## II. ANALYSIS

### A. Gholson Fails to Satisfy the Standard for Successive § 2255 Motions

The Fourth Circuit granted Gholson pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Gholson must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In his § 2255 Motion, Gholson raises entitlement to relief based upon the following claim:

Claim One:     "In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Gholson is no longer a career offender because his prior conviction for attempted aggravated sexual battery no longer qualifies as a 'crime of violence.'" (Mem. Supp. § 2255 Mot. 2.)

The Fourth Circuit's determination that Gholson satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" *McLeod v. Peguese*, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Gholson's claim and dismiss it, if the Court finds that it

is barred under § 2255(h). *See United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), Gholson must demonstrate: (1) the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), constitutes a new rule of constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in *Johnson* retroactive to cases on collateral review. As explained below, Gholson fails to satisfy these requirements because the Supreme Court has neither extended the rule in *Johnson* to Sentencing Guidelines challenges, nor made such an extension retroactive.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268. Gholson now argues that *Johnson* invalidated the identically worded "residual clause" in United States Sentencing Guidelines ("USSG") § 4B1.2.[3] However, after Gholson filed his § 2255 Motion, the Supreme Court, in

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[3] At the time of Gholson's sentencing, the definition of "crime of violence" read as follows:

> (a) The term "crime of violence" means any offense

4

*Beckles v. United States*, 137 S. Ct. 886 (2017), refused to extend *Johnson*'s holding to the

similar residual clause found in the advisory guidelines, [USSG] § 4B1.2(a)(2). *Beckles*, 137 S.

Ct. at 892; *see United States v. Lee*, 855 F.3d 244, 246-47 (4th Cir. 2017) (applying *Beckles*).

Despite the Supreme Court's explicit refusal to extend *Johnson*'s holding to the

Sentencing Guidelines, Gholson argues that *Beckles* only applied to the advisory Sentencing

Guidelines, and his mandatory, pre-*Booker* sentence as a career offender is unconstitutional

under *Johnson* and *Welch*. He argues that *Johnson* invalidated the identically worded "residual

clause" in USSG § 4B1.2, and he no longer has two predicate "crimes of violence" to find him a

career offender because attempted aggravated sexual battery is not an enumerated offense in

§ 4B1.2, and further because attempted aggravated sexual battery fails to satisfy the "force

clause" of that guideline. (Mem. Supp. § 2255 Mot. 2.) However, Gholson's attempt to utilize

*Johnson* as a means around the procedural roadblock of § 2255(h)(2) fails. Contrary to

Gholson's assertion, *Johnson*'s holding applies to individuals sentenced pursuant to ACCA,

rather than individuals, such as Gholson, who were sentenced under § 4B1.1 of the then-

mandatory Sentencing Guidelines. *See United States v. Bowens*, No. 3:98CR110, 2017 WL

4533129, at *3 (E.D. Va. Oct. 10, 2017); *Mitchell v. United States*, No. 3:00-CR-00014, 2017

WL 2275092, *1, *5 n.5 (W.D. Va. May 24, 2017); *cf. United States v. Brown*, 868 F.3d 297,

---

under federal or state law, punishable by imprisonment for a term exceeding
one year, that--
(1) has an element the use, attempted use, or threatened use of physical
force against the person of another, or
(2) is burglary of a dwelling, arson, or
extortion, involves the use of explosives, **or
otherwise involves conduct that presents a
serious potential risk of physical injury to
another.**

USSG § 4B1.2 (1998). The bolded portion above is identical to the "residual clause" of 18
U.S.C. § 924(e)(2)(B)(iii) that *Johnson* invalidated.

303 (4th Cir. 2017) (explaining that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and "it did not touch upon the residual clause" of the Sentencing Guidelines). Accordingly, because *Johnson* fails to extend to Gholson's sentence pursuant to the Sentencing Guidelines, he fails to satisfy the requirements of § 2255(h)(2). Thus, Gholson's § 2255 Motion is an improper, successive motion under § 2255(h)(2).

### B. Gholson's § 2255 Motion is Untimely

Even if Gholson's § 2255 Motion was not an improper, successive § 2255 motion, it would also be barred by the statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)**   the date on which the judgment of conviction becomes final;
> **(2)**   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)**   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)**   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Gholson argues that his § 2255 Motion is timely under § 2255(f)(3). (Reply 2–3, ECF No. 124.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his

motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

Gholson argues that *Johnson* announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. Gholson contends that he "need only rely on *Johnson* for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying *Johnson* to mandatory guidelines." (Reply 3.) Thus, in essence, rather than relying on the rule of *Johnson*, Gholson seeks the creation of a second new rule extending *Johnson* to the mandatory Sentencing Guidelines.

> Regrettably for [Gholson], the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, [136 S. Ct. 1257, 1265] (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute . . . . *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

*Brown*, 868 F.3d at 302. The "right asserted" in *Johnson* is not the same right that Gholson seeks to assert in this case. As previously discussed, *Johnson*'s holding was limited to those individuals sentenced under ACCA and it did not touch upon the residual clause found in the Sentencing Guidelines. *See Brown*, 868 F.3d at 303; *Mitchell*, 2017 WL 2275092, at *5. Because *Johnson* does not apply to Gholson's sentence under USSG § 4B1.2, he may not utilize *Johnson* to make his § 2255 Motion timely under § 2255(f)(3). *See Brown*, 868 F.3d at 302–303 (refusing to extend *Johnson* to invalidate a career offender sentence under the mandatory

guidelines and finding such a challenge untimely). Accordingly, Gholson's § 2225 Motion is also untimely and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Gholson's § 2255 Motion (ECF No. 107) will be DENIED as barred by 28 U.S.C. § 2255(h)(2) and by 28 U.S.C. § 2255(f)(3). The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

_____
M. Hannah Lauck
United States District Judge

Date: DEC 0 5 2017
Richmond, Virginia